IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RALPH S. DANIELS, DANIELS PLANT FOOD INC., CARRIE LEE MAHONEY as TRUSTEE OF RDR TRUST and RDR TRUST, | § § § § § | |
| Plaintiffs, | § § | Case No. 4:05-CV-394 |
| v. | § § | |
| PROGRESSIVE TURF, LLC, | § § | |
| Defendant. | § § | |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR AWARD OF ATTORNEYS' FEES

Pending before the court is the Defendant's motion for award of attorneys' fees (docket entry #17). Having considered the Defendant's motion, the Plaintiffs' response (docket entry #18), the Defendant's reply (docket entry #19) and the Defendant's supplemental affidavit (docket entry #21), the court is of the opinion that the Defendant's motion for attorneys' fees should be granted.

### ATTORNEYS' FEES

On December 2, 2005, the court granted the Defendant's motion to dismiss and dismissed the Plaintiffs' case with prejudice. The court concluded that (1) the license agreement contained a valid agreement to arbitrate the disputes between the Plaintiffs and the Defendant, and (2) the Plaintiffs' claims fell within the scope of the arbitration clause. The Defendant is now seeking an award of attorneys' fees. "The law is clear that in suits to compel one party to submit to arbitration . . . , fees are generally awarded if the . . . party resisting arbitration did not have a 'reasonable chance

-1-

to prevail.'" *Hires Parts Service, Inc. v. NCR Corp.*, 859 F.Supp. 349, 355 (N.D. Ind. 1994), citing *Chauffeurs, Teamsters and Helpers, Local No. 765 v. Stroehmann Brothers*, 625 F.2d 1092, 1094 (3d Cir. 1980); *International Association of Machinists v. Texas Steel Co.*, 538 F.2d 1116, 1121 (5th Cir. 1976).

Here, the law is clear that the license agreement's broad arbitration provision encompassed the Plaintiffs' claims against the Defendant. Further, in 2004, the Plaintiffs filed a similar lawsuit against the Defendant under the license agreement on virtually identical grounds. Def. Mtn. to Dismiss, p. 5, ¶ 17; Aff. of Richard B. Bradshaw, Jr. (Attached to Def. Mtn. to Dismiss), p. 3, ¶ VI. That lawsuit was referred to arbitration as well. *Id*. As such, the court finds that the Plaintiffs did not have a reasonable chance of prevailing against the Defendant's motion to dismiss.

Additionally, the license agreement provides as follows:

> 11.7 <u>Attorneys' Fees</u>. In the event of any action, suit or other proceeding instituted to remedy, prevent or obtain relief from a breach of this Agreement, or arising out of a breach of this Agreement, the prevailing party shall recover all of such party's reasonable attorneys' fees and costs, including expert fees, incurred in each and every action, suit or other proceeding, including any and all appeals or petitions therefrom.

Pls. Comp., Exh. A, p. 10, ¶ 11.7. The court finds that the Defendant prevailed in its efforts to dismiss the Plaintiffs' lawsuit. Accordingly, the Defendant is a "prevailing party" entitled to an award of reasonable attorneys' fees.

"The determination of what is a 'reasonable attorney's fee' is left to the discretion of the trial court." *Nelson*, 967 F.Supp. at 931. The computation of a reasonable attorneys' fee award is a two-step process. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted). First, the court must utilize the "lodestar" analysis to calculate a "reasonable" amount of

attorneys' fees. *Id*. The "lodestar" is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id*. Second, in assessing the "lodestar" amount, the court must consider the twelve *Johnson* factors before final fees can be calculated. *Id*.

> The *Johnson* factors are:
>
> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id*. at 192 n. 23, citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

After considering the twelve *Johnson* factors, the court may adjust the "lodestar" upward or downward. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). "If the plaintiff obtained limited success, the hours reasonably spent on the case times the reasonable hourly rate may be excessive." *Virginia McC v. Corrigan-Camden Independent School District*, 909 F.Supp. 1023, 1032 (E.D. Tex. 1995)(Heartfield, J.). "[T]he most critical factor" in determining the reasonableness of an attorney's fee award "is the degree of success obtained." *Giles v. General Electric Co.*, 245 F.3d 474, 491 n. 31 (5th Cir. 2001), quoting *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "'The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.'" *Virginia McC*, 909 F.Supp. at 1032, quoting *Hensley*, 461 U.S. at 436, 103 S.Ct. at 1941.

**A.     LODESTAR**

*1.     Hours Expended*

The Defendant seeks $9,200.00 in attorneys' fees for 46 hours expended by its counsel, Millard O. Anderson, Jr. ("Anderson"). The Plaintiffs argue that Anderson's affidavit is insufficient to support a claim for 46 hours of work in that the affidavit fails to set forth any details supporting the number of hours claimed. Anderson subsequently corrected the insufficiency by providing the court with a detailed summary of the number of hours claimed.[1] The Plaintiffs did not file any objections to Anderson's detailed summary. After reviewing Anderson's explanation of the number of hours billed, and in light of the fact that the Plaintiffs did not object to Anderson's detailed summary, the court finds that Anderson expended a reasonable number of hours on this case.

*2.     Prevailing Hourly Rate*

Anderson seeks to be compensated at $200 per hour. The Plaintiffs do not contest Anderson's hourly rate. Based on Anderson's level of experience, the court finds that the hourly rate submitted by Anderson is reasonable.

Accordingly, pursuant to the lodestar analysis, the attorneys' fees are $9,200.00.

**B.     THE *JOHNSON* FACTORS**

In analyzing the *Johnson* factors, the court finds that the requested fee is reasonable. The court further notes that the Plaintiffs did not object to Anderson's analysis of the *Johnson* factors. Accordingly, the court will briefly review the *Johnson* factors.

---

[1] Defendant's counsel actually expended 47.5 hours on this case. However, counsel is apparently only seeking compensation for 46 of those hours.

*1.    Time and Labor*

The time and labor expended on this relatively straightforward lawsuit was not excessive.

*2.    Novelty and Difficulty of Issues*

This case was not particularly difficult. None of the issues presented were novel or difficult.

*3.    Skill Required*

The court finds that counsel was adequately skilled and otherwise qualified to pursue this case.

*4.    Preclusion of Other Employment*

Counsel's work on this case did not preclude him from accepting new employment opportunities.

*5.    Customary Fee*

This factor is part of the "lodestar" analysis and need not be considered again.

*6.    Whether the Fee is Fixed or Contingent*

Counsel billed the Defendant at the hourly rate of $200.00.

*7.    Time Limitations Imposed by the Client or Circumstances*

Counsel was not burdened by any significant time limitations.

*8.    Amount Involved and Results Obtained*

Counsel achieved the intended results for the Defendant, i.e. dismissal of the Plaintiffs' lawsuit.

*9.    Experience, Reputation and Ability of the Attorneys*

The court has already considered this factor in determining the "lodestar."

*10.   Undesirability of the Case*

This case was not undesirable.

*11.   Nature and Length of the Professional Relationship with the Client*

Anderson has represented the Defendant since June 2001.

*12.   Awards in Similar Cases*

This factor is not applicable to the instant action.

## CONCLUSION

Based on the foregoing, the Defendant's motion for award of attorneys' fees (docket entry #17) is **GRANTED**. The Defendant is awarded attorneys' fees in the amount of $9,200.00. The Plaintiffs shall tender payment of $9,200.00 to counsel for the Defendant on or before October 6, 2006.

IT IS SO ORDERED.

**SIGNED this the 6th day of September, 2006.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE